KAREN L. MORRIS
General Counsel
CRAIG T. FESSENDEN
Deputy General Counsel
JOEL W. RUDERMAN
ERIN C. KIM (CA Bar No. 273710)
Assistant General Counsels
CAROLYN J. LACHMAN
Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
445 12th Street, S.W.
Washington, D.C. 20024-2101
Telephone: (202) 229-3601
Fax: (202) 229-6092
Email: kim.erin@pbgc.gov *and* efile@pbgc.gov

Attorneys for Petitioner Pension Benefit Guaranty Corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: Rehabilitation Orthopedic Physical Therapy, Inc. Defined Benefit Pension Plan<br><br>PENSION BENEFIT GUARANTY CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>REHABILITATION ORTHOPEDIC PHYSICAL THERAPY, INC., as Plan Administrator of Rehabilitation Orthopedic Physical Therapy, Inc. Defined Benefit Pension Plan<br><br>Defendant. | Case No.: 2:25-cv-2774<br><br>COMPLAINT |

## COMPLAINT FOR PENSION PLAN TERMINATION

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA"). Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint against Rehabilitation Orthopedic Physical Therapy, Inc. ("Rehabilitation Orthopedic"), pursuant to 29 U.S.C. §§ 1342(a) and (c); and 1348(a) seeking an order (i) terminating the Rehabilitation Orthopedic Physical Therapy, Inc. Defined Benefit Pension Plan (the "Plan"); (ii) appointing PBGC as statutory trustee of the Plan; (iii) establishing May 31, 2024, as the termination date of the Plan; and (iv) directing the Defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

### Jurisdiction and Venue

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1303(e)(3), 1342(e) and (f). Venue is proper in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

### Parties

3. Plaintiff PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302 and is the federal agency that administers and enforces the nation's defined benefit pension plan termination insurance program created under Title IV of ERISA.

4. Defendant Rehabilitation Orthopedic is a corporation organized under the laws of California. Rehabilitation Orthopedic's principal business address is 5301 E. Whittier Blvd., Atrium Suite, Los Angeles, CA 90022.

5. The Plan was established effective January 1, 2002, by Rehabilitation Orthopedic to provide pension benefits to certain of its employees.

6. The Plan is a single-employer, defined benefit pension plan and is

covered under Title IV of ERISA. *See* 29 U.S.C. § 1321(a).

7. Rehabilitation Orthopedic is the Plan's contributing sponsor within the meaning of 29 U.S.C. § 1301(a)(13), and the Plan Administrator within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1).

8. On information and belief, the Plan has five participants.

9. On information and belief, Rehabilitation Orthopedic has made no contributions to the Plan since 2008.

10. As of July 31, 2023, the Plan was estimated to be underfunded by $407,349.

11. Pursuant to 29 U.S.C. § 1342(a), PBGC has determined that the Plan is unable to pay benefits currently due under the terms of the Plan, and pursuant to 29 U.S.C. § 1342(c), PBGC has determined that termination of the Plan is necessary to protect the interests of the Plan's participants.

12. On May 31, 2024, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Rehabilitation Orthopedic in its role as Plan Administrator that PBGC has determined (i) the Plan does not have the assets available to pay benefits currently due under the terms of the Plan, and (ii) the Plan must be terminated to protect the interests of its participants and beneficiaries. A copy of the Notice is attached as Exhibit 1.

13. To date, Rehabilitation Orthopedic has failed to execute an agreement terminating the Plan and appointing PBGC as trustee of the Plan under 29 U.S.C. § 1342(c).

14. On May 31, 2024, PBGC published an advertisement (the "Advertisement") in the Los Angeles Daily News to notify Plan participants that PBGC had determined the Plan should be terminated and was taking steps to assume responsibility as statutory trustee for the Plan. The Advertisement provided notice to the Plan's participants that extinguished any justifiable expectation by the Plan's participants of the Plan's continuation. A copy of the Advertisement is

attached as Exhibit 2.

**Cause of Action**

15. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, among other bases, that, pursuant to 29 U.S.C. § 1342(a), the plan does not have assets available to pay benefits currently due under the terms of the plan.

16. Upon notice to the plan administrator, PBGC can apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated to protect the interests of the participants. 29 U.S.C. §§ 1342(b)(1), (c)(1).

17. PBGC has determined that termination of the Plan is necessary to protect the interests of participants. *See* Exhibit 1.

18. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV of ERISA when PBGC and the plan administrator have not agreed on a date of termination.

19. As of the filing of this Complaint, PBGC and the Plan Administrator have not agreed on a date of the Plan's termination.

20. Pursuant to 29 U.S.C. § 1348(a)(4), May 31, 2024, should be established as the date of the Plan's termination, as the Advertisement published that day provided notice to the Plan's participants that extinguished any Plan participant's justifiable expectation of the Plan's continuation.

21. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a plan in any case.

22. PBGC is ready, willing, and able to serve as the statutory trustee of the Plan.

## CLAIM FOR RELIEF

WHEREFORE, PBGC requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating that the Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing May 31, 2024, as the termination date of the Plan, pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Rehabilitation Orthopedic and any other persons or entity having possession, custody, or control of any records, assets, or other property of the Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC as statutory trustee upon request, pursuant to 29 U.S.C. § 1342(d)(1); and

5. Granting such other relief as the Court deems just and proper.

Dated: March 31, 2025
Washington, D.C.

Respectfully submitted,
KAREN L. MORRIS
General Counsel
CRAIG T. FESSENDEN
Deputy General Counsel
JOEL W. RUDERMAN
ERIN C. KIM (CA Bar No. 273710)
Assistant General Counsels
CAROLYN J. LACHMAN
Attorney

/s/Erin C. Kim
ERIN C. KIM (CA Bar No. 273710)

Assistant General Counsel
PENSION BENEFIT GUARANTY CORPORATION

*Attorneys for Plaintiff Pension Benefit Guaranty Corporation*